**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>v.<br><br>Kendrick Sloan,<br><br>            Defendant. | No. CR-13-8198-001-PCT-DLR<br><br>**ORDER** |

      Before the Court is Defendant's Amended Motion for Relief Under 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release). (Doc. 264.) Defendant seeks a compassionate release order reducing his sentence to time served because of his medical condition which includes stage 3 acute kidney disease, high cholesterol, and neuropathy. He requires a regiment of daily medications, which include intravenous injections of insulin twice per day to control his diabetes. The government concedes that, because of his medical conditions, he has an increased risk of serious illness from COVID-19 and he presents an extraordinary and compelling reason for allowing compassionate release. (Doc. 265 at 1.) However, the government opposes grating a compassionate release because it contends that Defendant cannot satisfy the requirement of 18 U.S.C. § 3142(g) that he is not a danger to the safety of any other person or the community.

      On April 19, 2016, Defendant was sentenced to 20 years in prison for Possession of an Unregistered Machine Gun, Possession with Intent to Distribute 5 Grams or More of

Actual Methamphetamine and Use of a Weapon Made from a Shotgun in Relation to a Drug Trafficking Crime. He has served less than half of his sentence. His projected release date is August 2, 2030.

Defendant replied to the government's dangerousness argument by alleging that he has changed, has a plan when released to make beneficial changes to his community and because of his health, will need dialysis and is too sick to commit a crime and has a near zero chance of recidivism. (Doc. 266 at 2.) However, at oral argument, Defendant was unable to point to a medical opinion by any of his providers that supported his contention that he is too sick to commit a crime or otherwise be a danger. The Court continued the matter to allow Defendant to consult with his medical providers and to file supplemental briefing. The Court has considered Defendant's Supplementary Briefing on Defendant's Amended Motion for Relief Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 270) and the government's response (Doc. 271.) For the reasons set forth herein, Defendant's motion for compassionate relief is denied.

In support of his argument that he is too sick to be able to engage in criminal activity, Defendant submitted his medical records supplemented by what the Court will classify as an "Independent Medical Examination Report" (Doc. 270-1) from Dr. Krupkin, a Louisiana Emergency Medical Physician. Dr. Krupkin was hired to prepare a report after interviewing Defendant by phone for an hour and reviewing his medical records. Dr. Krupkin confirms the nature and extent of Defendant's medical conditions and opines that Defendant's "current health significantly limits his ability to carry out behavior or activities that would endanger individuals or the community at large." *Id.* at 4. Although he finds Defendant is **limited** in his ability to carry out dangerous behavior, he does not render an opinion to a reasonable degree of medical probability that Defendant is unable to commit dangerous behavior or that he is unable to commit the kind of serious offenses for which he was convicted. He acknowledges that, even if he had been able to observe Defendant, the criteria set forth in 18 U.S.C. § 3582 "challenges [him] to reach a completely unequivocal opinion." *Id.*

Defendant's medical records paint a picture of an ill man, but do not establish that he is unable to perform ordinary physical activities. Neither the records nor report show that he is incapable of committing the crimes for which he was convicted—possessing and/or selling illegal weapons and selling methamphetamine from his home.

The Court finds that Defendant has failed to meet his burden of establishing that he is not a danger to the safety of any other person or the community. 18 U.S.C. § 3142(g). Accordingly,

**IT IS ORDERED** that Defendant's Amended Motion for Relief Under 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) (Doc. 264) is **DENIED**.

Dated this 5th day of May, 2021.

Douglas L. Rayes
United States District Judge